IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br><br><br><br><br>        vs.<br><br><br>CODY WARR,<br><br>        Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE<br><br><br><br><br>Case No. 2:08-CR-266 TS |

This matter is before the Court on correspondence from the Defendant that the Court construes as a Motion for Early Termination of Supervised Release.[1]  For the reasons discussed below, the Court will grant Defendant's Motion.

## I.  BACKGROUND

Defendant and three co-defendants were charged in an eleven count indictment on May 7, 2008.[2]  Defendant was charged with bank fraud, in violation of 18 U.S.C. §§ 1344 and 2;

---

[1]Docket No. 124.

[2]Docket No. 1.

aggravated identity theft, in violation of 18 U.S.C. §§ 1028A and 2; possession of stolen mail, in violation of 18 U.S.C. § 1708; and possession of a document-making implement, in violation of 18 U.S.C. § 1028(a)(5).  On November 18, 2008, Defendant pleaded guilty to one count of bank fraud and one count of aggravated identity theft.  Defendant was sentenced on March 13, 2009, to a period of 51 months in the custody of the Bureau of Prisons, to be followed by a 60-month term of supervised release.  Defendant now moves to terminate that supervision.  The Government makes no objection to Defendant's Motion.

Defendant has completed nearly 25 months of supervision.  In support of his Motion, Defendant indicates that during his term of incarceration he successfully completed the RDAP program.  Defendant also indicates that since his release he has paid off his restitution, "been clean . . . [and] remained gainfully employed."[3]  During his term of supervision Defendant has worked in the mining industry.  According to Defendant, his status on supervision has prevented him from advancing any further in his career.  Since his release, Defendant has also obtained custody of his two youngest children and indicates that he would like to purchase a home for his family.  Consultation with Defendant's supervising officer confirms that Defendant has remained compliant with the terms of his supervised release.

## II.  DISCUSSION

18 U.S.C. § 3583(e) permits the Court to terminate supervised release at any time after a defendant has completed at least one year of supervised release, but prior to completion of the entire term, if the Court is satisfied that such action is (1) warranted by the conduct of an

---

[3]Docket No. 124, at 1.

offender and (2) is in the interest of justice.  In making this determination, the Court is directed to consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable.

Having considered these factors, reviewed the docket and case file, and consulted with Defendant's supervising officer, the Court finds that early termination of Defendant's term of supervised release is both warranted by the conduct of the offender and in the interest of justice.

### III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Early Termination of Supervised Release (Docket No. 124) is GRANTED.  It is further

ORDERED that Defendant's term of supervised release shall be terminated effective immediately and this case shall be closed.

DATED   April 22, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge

3